UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOREEN C. BAKER,

                  Plaintiff,

        - against -

DORA B. SCHRIRO, *Commissioner of the New
York City Department of Correction*; NEW YORK
CITY DEPARTMENT OF CORRECTION; CITY
OF NEW YORK; and NEW YORK CITY
OFFICE OF ADMINISTRATIVE TRIALS AND
HEARINGS,

                  Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
10-CV-4227 (RRM)(CLP)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 0 2 2011 ★

BROOKLYN OFFICE

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff, a former corrections officer employed by the New York City Department of

Correction, brings this action under 42 U.S.C. § 1983 and state law alleging that her discharge

from employment deprived her of her rights under the Fourteenth Amendment to the United

States Constitution and resulted in the infliction of emotional distress.  (Am. Compl. (Doc. No.

12) ¶¶ 1-5.)  Before this Court is defendants' Motion to Dismiss (Doc. No. 14) pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

granted.  For the reasons below, defendants' motion is granted and plaintiff's amended complaint

is dismissed in its entirety.

# BACKGROUND

## I.    Factual Background

The following facts are taken primarily from plaintiff's amended complaint and are deemed true for the purposes of this motion.[1]  Plaintiff was a tenured correction officer with the New York City Department of Correction ("DOC") assigned to Rikers Island at the Anna M. Kross Center, West Upper 19.  (Am. Compl. ¶¶ 6-7; OATH R&R at 1.)  As alleged, between November 26, 2007 and February 23, 2008, over 170 calls were placed by inmates housed on Rikers Island to a cell phone number belonging to plaintiff.  (Am. Compl. ¶ 14; OATH R&R at 2.)  DOC charged that the majority of those calls were from a single inmate, "Hunter," who was housed in West Upper 19, and worked in a housing detail under plaintiff's direction.  (*Id.*)

In or about January of 2009, plaintiff was charged with violating certain DOC rules relating to "undue familiarity" with an inmate.  (Am. Compl. ¶ 8.)  Specifically, plaintiff was charged with violating the following rules:

> Rule 3.25.040:  Members of the Department shall not indulge in any undue familiarity with inmates nor shall they permit undue familiarity on the part of the inmates toward themselves.

> Rule 3.25.050:  Members of the Department shall immediately notify their Commanding Officer whenever a relative, friend, or a person with whom the member had a verifiable previous relationship, is incarcerated and housed at the same facility.

---

[1] The Court is also considering the Report and Recommendation of Administrative Law Judge Alessandra Zorgniotti, *Dep't of Corr. v. Baker*, OATH Index No. 556/10 (Nov. 13, 2009) (the "OATH R&R"), which is the opinion issued by the Office of Administrative Trials and Hearings ("OATH") in connection with plaintiff's pre-termination hearing.  (Dec. of Christopher A. Seacord ("Seacord Dec.") (Doc. No. 15), Ex. A, dated April 15, 2011.)  Though not attached to the amended complaint, or explicitly incorporated by reference, the OATH R&R is a matter of public record and the amended complaint relies heavily on the substance of the administrative decision.  (*See, e.g.*, Am. Compl. ¶¶ 9-13, 20, 30-36.)  Therefore, the OATH R&R is clearly "integral" to the amended complaint, and may be considered in connection with this 12(b)(6) motion. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153-54 (2d Cir. 2002); *see Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 435-36 (E.D.N.Y. 2010) ("[W]ith respect to administrative filings . . . and decisions, the Court may consider such documents because they are public documents filed in state administrative proceedings, as well as because they are integral to plaintiff's claims.").

Rule 3.25.060: Except as required by their official duties, members of the Department shall not correspond with inmates or former inmates. (Am. Compl. ¶¶ 15-18.)

On or about October 23, 2009, upon due notice, plaintiff attended a hearing before Administrative Law Judge Allessandra Zorgniotti ("ALJ Zorgniotti") regarding the alleged violations. (Am. Compl. ¶ 9, OATH R&R at 1.) At the hearing, plaintiff called two witnesses, testified herself and was represented by counsel. (OATH R&R at 1, 11.) Although plaintiff had no prior disciplinary record, DOC sought the termination of her employment. (Am. Compl. ¶ 10-11.) On November 13, 2009, ALJ Zorgniotti issued the OATH R&R recommending that plaintiff's employment be terminated and on December 29, 2009, defendant Schriro, Commissioner of DOC, accepted that recommendation and terminated plaintiff. (Am. Compl. ¶¶ 12-13.)

## II.     Procedural Background

Plaintiff commenced this case by filing a complaint on September 16, 2010. (Compl. (Doc. No. 1).) The complaint alleged, *inter alia*, that plaintiff's due process rights were violated because ALJ Zorgniotti did not have jurisdiction to conduct a disciplinary hearing. (Compl. ¶ 10.) On March 17, 2011, the Court allowed plaintiff to amend her complaint by March 22, 2011. (Order, dated March 17, 2011.) Plaintiff missed the deadline, and subsequent to an order by the Court on April 5, 2011, plaintiff filed an amended complaint on April 6, 2011. (Order, dated April 5, 2011; Am. Compl. (Doc. No. 12).)

The amended complaint omits the jurisdictional challenge and instead, avers that plaintiff's due process rights were violated because, *inter alia*, ALJ Zorgniotti's termination recommendation arbitrarily ignored the applicable rules and therefore deprived plaintiff of her right to a hearing before an impartial decision maker. (Am. Compl. ¶¶ 1-2, 32-35.) The

3

amended complaint also contains state-law claims of negligent, reckless and intentional infliction of emotional distress.[2]  (Am. Compl. ¶¶ 3-5.)

Defendants moved to dismiss the amended complaint and the parties submitted the fully briefed motion on June 10, 2011.  (Doc. Nos. 14-19.)

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint.  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor."  *Harris*, 572 F.3d at 71 (citation omitted).  A complaint need not contain " 'detailed factual allegations,' " but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has

---

[2] This Court has federal question jurisdiction over plaintiff's claims brought under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Plaintiff purports to invoke this court's supplemental jurisdiction over her state law claims under 28 U.S.C. §§ 1337, 1367.  (Am. Compl. at 9 ¶ 2.)

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

## DISCUSSION

### I.   Due Process Claims

When a tenured public employee such as plaintiff is terminated, procedural due process requires "notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001).[3] The pre-termination process required "need not be elaborate" so long as the employee receives (1) oral or written notice of the charges against her; (2) an explanation of the employer's evidence; and (3) an opportunity to present her side of the story. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985). The required pre-termination hearing is "minimal" and " 'very limited.' " *Locurto*, 264 F.3d at 173 (quoting *Gilbert v. Homar*, 520 U.S. 924, 929 (1997)). The required post-termination hearing is satisfied by the availability of an Article 78 proceeding in New York state court. *Locurto*, 264 F.3d at 174-75; *Hellenic Am. Neighborhood*

---

[3] In determining the process required by the Constitution, courts distinguish between deprivations arising from "established state procedures," which generally require pre-deprivation and post-deprivation process, and those arising from "unauthorized acts by state employees," which in some instances require only post-deprivation process. *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996); *see DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (finding conduct is not "unauthorized" where the government actor in question is a "high-ranking official with 'final authority over significant matters' " (quoting *Burtnieks v. City of N.Y.*, 716 F.2d 982, 988 (2d Cir. 1983))). Though the parties disagree over the proper category for the deprivation at issue here, the Court declines to decide the matter because even assuming both pre-deprivation and post-deprivation process were required, the Court finds plaintiff received all process to which she was entitled. *Locurto*, 264 F.3d at 172-73 (assuming, without deciding, deprivation was pursuant to established state procedures where the process provided was sufficient).

*Action Comm. v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir. 1996); *Longo v. Suffolk Cnty. Police Dep't*, 429 F. Supp. 2d 553, 559-60 (E.D.N.Y. 2006).

Plaintiff argues that ALJ Zorgniotti's termination recommendation arbitrarily ignored the applicable rules, and therefore deprived plaintiff of her due process right to a pre-termination hearing before an impartial decision maker. (Am. Compl. ¶¶ 32-35.) Specifically, plaintiff asserts that DOC Directive 4257R-A, titled "Command Discipline" ("Directive 4257R-A"), should have exclusively governed her conduct. (Seacord Dec. Ex. B (DOC Directive 4257R-A, Command Discipline, dated May 5, 1988); Am. Compl. ¶ 1.)[4] "Command Discipline" is a procedure that "permits a Commanding Officer to adjudicate minor violations by uniformed members without resorting to formal charges and Administrative Hearings." (Directive 4257R-A at I.) Directive 4257R-A defines the type of conduct it covers, the associated penalties, and the procedure for removing a matter from "Command Discipline" into the formal disciplinary proceedings of an OATH hearing, as was done in plaintiff's case. (Directive 4257R-A at I-V; Am. Compl. ¶ 26.) Plaintiff contends that had Directive 4257R-A been applied, her penalty would have been limited to a loss of four vacation days or four days of compensation (Directive 4257R-A at V(F)(4)(b)) and that the matter was improperly elevated, without explanation, to a full OATH hearing resulting in plaintiff's termination. (Directive 4257R-A at IV(3); Am. Compl. ¶¶ 1, 23, 26.) Plaintiff also contends that her termination was in violation of DOC and OATH's "policy of progressive discipline," whereby termination would only result after previous discipline totaling 60 days of suspension. (Am. Compl. ¶ 11.) For the reasons stated below, the Court finds plaintiff's contentions without merit as a matter of law.

---

[4] The Court my consider Directive 4257R-A, because, though not explicitly incorporated by reference, the complaint "relies heavily upon its terms and effect" which renders it "integral" to the complaint. *Chambers*, 282 F.3d at 153-54 (quotation marks omitted); (*see, e.g.*, Compl. ¶¶ 1-2, 21-25.)

First, plaintiff received all of the process to which she was entitled. Plaintiff concedes that she received "due notice" of the pre-termination hearing. (Am. Compl. ¶¶ 9-11.)[5] At that hearing she was represented by counsel, called witnesses and testified herself. (OATH R&R at 1, 11.) This sort of pre-termination process provided under New York law is certainly beyond "minimal" and exceeds the "very limited" constitutional requirement. N.Y. Civ. Serv. Law § 75; *see Loudermill*, 470 U.S. at 545 (the hearing "need not be elaborate"); *Locurto*, 264 F.3d at 173-74. Post-termination, plaintiff had the option to challenge the decision in an Article 78 proceeding in New York state court. N.Y. C.P.L.R. § 7803. This process for terminating tenured employees in New York has been routinely held to satisfy due process. *See Purcell v. N.Y.C. Dep't of Corr.*, 111 F. App'x 57, 59-60 (2d Cir. 2004) (adversarial hearing and right of state court review under Article 78 is sufficient process for termination of tenured employee);

---

[5] Plaintiff argues that due process required (1) that she be "on notice that she was engaging in prohibited conduct"; (2) that the rules and regulations provide her notice of the "adverse consequences" of her actions; and (3) that any penalty be doled out in "equal accord." (Pl. Opp'n Mem. (Doc. No. 17) at 14.) Given plaintiff's concession that she received "due notice" of her OATH hearing, the Court reads these assertions as challenges to the vagueness of DOC's regulations and to the equal application of penalties against violators. (Am. Compl. ¶ 9.) These arguments are without merit. First, plaintiff was clearly on notice that she was engaging in prohibited conduct. *See Piscottano v. Murphy*, 511 F.3d 247, 280-81 (2d Cir. 2007) (" 'A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.' " (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982))). ALJ Zorgniotti found that plaintiff "resided with a former inmate," that she "failed to notify her command that she had a relationship with an inmate housed in her facility" and that she "received approximately 180 calls from inmate(s) housed in her facility." (OATH R&R at 8.) Those actions fall comfortably within the DOC rules at issue and it could not have come as a surprise to plaintiff that such behavior was prohibited. (Am. Compl. ¶¶ 16-18.) Second, plaintiff was on notice that such behavior could constitute "misconduct" justifying her termination under Section 75 of New York law. N.Y. Civ. Serv. Law §75(1) (employees may be removed for "incompetency or misconduct"). As plaintiff points out, Directive 4257R-A provides for the removal of offenses from "Command Discipline" to the formal disciplinary system administered by OATH hearings when warranted, and the OATH R&R cites numerous examples of termination for "undue familiarity" in such cases. (Directive 4257R-A at IV(3); Am. Compl ¶ 23; OATH R&R 9-10.) Indeed, "common sense should have forewarned [her]" that while "minor" instances of "undue familiarity" can be resolved by "Command Discipline" with its limited penalties, the seriousness of the conduct charged here would require formal proceedings that could result in termination. *See Farrell v. Dep't of the Interior*, 314 F.3d 584, 593-94 (Fed. Cir. 2002) ("Due process does not require that an agency post the specific penalties to which an employee could be subject for any particular violation."). Finally, plaintiff's claim that she was treated differently than other employees charged with undue familiarity is both conclusory and contradicted by her later assertion that the city *always* terminates employees for such conduct. (Am. Compl. ¶¶ 27, 36; *see* Pl. Opp'n Mem. at 18 (firing employees for undue familiarity is a "policy or custom" of the city); *see K.W. ex rel. Brown v. City of N.Y.*, 275 F.R.D. 393, 399 (E.D.N.Y. 2011) ("Conclusory allegations of selective treatment are insufficient to state an equal protection claim." (quotation marks omitted).)

*Longo*, 429 F. Supp. 2d at 559-60 ("the combination of Section 75 and 78 provide a terminated

public employee with remedies that are consistent with the requirements of the due process

clause"); *Seabrook v. City of N.Y.*, No. 99 CIV. 9134(HB), 1999 WL 694265, at *3 n.7

(S.D.N.Y. Sept. 7, 1999) ("[A]vailability of these pretermination administrative hearings,

coupled with the opportunity to appeal any adverse final determination to . . . the New York

Supreme Court, cannot be said to violate Due Process.").

      Second, failure to properly apply DOC rules or policies does not, itself, state a

constitutional violation.  The question presented in a Section 1983 suit is whether notice and

hearing were provided in a manner consistent with the "minimal" requirements imposed by the

Constitution, not whether any particular state procedures were followed or whether state law was

correctly applied.  *Loudermill*, 470 U.S. at 541 ("once it is determined that the Due Process

Clause applies" the answer to "what process is due" is "not to be found in the [state] statute"

(quotation marks omitted)); *McDarby v. Dinkins*, 907 F.2d 1334, 1337-38 (2d Cir. 1990) ("When

the minimal due process requirements of notice and hearing have been met, a claim that an

agency's policies or regulations have not been adhered to does not sustain an action for redress

of procedural due process violations."); *Everson v. Lantz*, 453 F. Supp. 2d 578, 582 (D. Conn.

2006) ("The issue in a procedural due process claim is not whether the state decision was correct

or complied with state procedural regulations.  The Due Process Clause does not prohibit

erroneous deprivations of property; it requires that a person being deprived of property receive

due process.")   Plaintiff's actual claim - - that DOC "got it wrong" - - must be addressed to the

state court in an Article 78 proceeding.  *See* N.Y. C.P.L.R. § 7803(3) (providing for review of

"whether a determination was made in violation of lawful procedure, was affected by an error of

law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to

the measure or mode of penalty or discipline imposed"); *Harris v. Mills*, 572 F.3d 66, 76 (2d Cir. 2009) (" 'Section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision was arbitrary and capricious.' " (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 888 (2d Cir. 1987))).

Third, plaintiff's contention that she was deprived of an impartial decision maker fails to state a claim. Plaintiff's amended complaint is wholly devoid of allegations of bias, rather merely alleging that ALJ Zorgniotti cannot have been impartial because her decision was "not based on proper evidence [and] conflict[ed] with the rules and regulations governing proceedings and discipline." (Am. Compl. ¶ 33.) Such a "conclusory statement[]" cannot survive a 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Even if plaintiff had adequately alleged bias, a "neutral adjudicator" is not a "necessary component of due process at a pre-termination hearing." *Locurto*, 264 F.3d at 174-75; *see Sindone v. Kelly*, 439 F. Supp. 2d 268, 278 (S.D.N.Y. 2006) (police officer could not maintain a "due process claim on the ground that he was denied a right to a neutral arbitrator" prior to his termination), *aff'd*, 254 F. App'x 58 (2d Cir. 2007); *Longo*, 429 F. Supp. 2d at 560 (claims that an "agency was biased and prejudged the outcome" are solely remedied in an Article 78 proceeding).

Therefore, plaintiff fails to state a procedural due process violation cognizable pursuant to 42 U.S.C. § 1983.

## II.   *Monell* Claim

Plaintiff argues that ALJ Zorgniotti's observation, "[w]ith rare exception, the penalty for undue familiarity has been termination of employment," amounts to a violation under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), because it constitutes an official municipal policy or practice to misapply Directive 4257R-A. (Am. Compl. ¶¶ 20, 36;

9

OATH R&R at 9.)   However, since, as discussed *supra*, plaintiff cannot establish that a misapplication of Directive 4257R-A constitutes a constitutional violation, there can be no liability under *Monell*.  *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."); *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) (observing that there must be an underlying constitutional violation to support a Monell claim); *Graham v. City of N.Y.*, No. 08-CV-3518 (KAM)(RML), 2011 WL 3625074, at *13-14 (E.D.N.Y. Aug. 17, 2011) (finding where there was no constitutional injury there was no *Monell* claim).  Therefore, plaintiff's *Monell* claim must be dismissed.

### III.    Remaining Claims

The Court, having dismissed all of plaintiff's federal claims, declines to exercise supplemental jurisdiction over plaintiff's state law claims, and dismisses all state law claims without prejudice.  28 U.S.C. § 1367; *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

### IV.    Leave to Replead

Plaintiff does not specifically seek leave to amend her complaint for a third time, although she does make passing reference to the notion when she conflates the legal standard under Federal Rule of Civil Procedure 15(a)(2) with the standard that governs a motion to dismiss under Rule 12(b).  (Pl. Opp'n Mem. at 6.)  Out of an abundance of caution, the Court will consider leave to amend.

Upon dismissal, "the usual practice is to grant leave to amend," *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (citation omitted); *see also* Fed. R. Civ. P. 15(a) (2)("The court

should freely give leave when justice so requires.")  However, leave may be denied in the face of undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  Here, a third bite at the apple would be futile, as the problem with a complaint is a "substantive" one, and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Moreover, a third complaint would present "merely [a] recycled version" of the previous two complaints. *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).  Leave to replead, therefore, is DENIED.

## CONCLUSION

For the above reasons, defendants' motion to dismiss (Doc. No. 14) is GRANTED. Plaintiff's amended complaint is DISMISSED in its entirety without leave to replead.  The Clerk of Court is directed to enter judgment accordingly, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      December 2, 2011

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge